# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 12-1472


**JANICE BROUSSARD**

**VERSUS**

**JOSEPH M. BROUSSARD**


\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 119077
HONORABLE JOHN E. CONERY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ELIZABETH A. PICKETT
## JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Elizabeth A. Pickett, Billy Howard Ezell, and J. David Painter, Judges.


**REVERSED AND RENDERED.**


**Joslyn Renee Alex**
**Attorney at Law**
**P. O. Box 126**
**Breaux Bridge, LA 70517**
**(337) 332-1180**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Joseph M. Broussard**

**Natalie Bernard Broussard**
**Attorney at Law**
**203 W. Main St., #200**
**New Iberia, LA 70560**
**(337) 365-9000**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Janice Broussard**

**PICKETT, Judge.**

Joseph Broussard appeals the judgment of the trial court awarding his former spouse, Janice Broussard, $750.00 per month in final periodic spousal support.

<u>STATEMENT OF THE CASE</u>

After thirty-two years of marriage, Ms. Broussard filed a petition for divorce from her husband, Mr. Broussard. Ms. Broussard was awarded $1000.00 per month in interim periodic spousal support pursuant to a consent judgment between the parties. A judgment of divorce was rendered April 25, 2012.

The only issue in this appeal is the award of final periodic support. Ms. Broussard filed a rule to show cause why final periodic support should not be awarded, while Mr. Broussard filed a rule to show cause why spousal support should not terminate. The issue was heard by a hearing officer on July 11, 2012. The hearing officer submitted a report to the trial court wherein he recommended that Mr. Broussard be ordered to pay $750.00 per month in final periodic spousal support. Significantly, the hearing officer specifically stated that "if there are any issues of fault, those issues are deferred to the presiding Judge."

A hearing was held before the trial court on September 27, 2012. The minutes of court do not indicate that any evidence was introduced at the hearing, and no transcript was produced. The trial court maintained the hearing officer's recommendation awarding $750.00 per month in final periodic spousal support. A judgment in conformity with the trial court's ruling in open court was rendered on October 18, 2012. Mr. Broussard appeals that judgment.

## ASSIGNMENTS OF ERROR

On appeal, Mr. Broussard asserts one assignment of error:

The Appellant urges that it is not proper to render an order setting final periodic spousal support without a finding of fault.

## DISCUSSION

Louisiana Civil Code article 111 grants a court authority to award final periodic support in a divorce proceeding or thereafter "to a party who is in need of support and who is free from fault prior to the filing of a proceeding to terminate the marriage[.]" This court explained that the burden of proof is on the claimant, in this case Ms. Broussard, to prove that she is free from fault in *Diggs v. Diggs*, 08-1271, p. 3 (La.App. 3 Cir. 4/1/09), 6 So.3d 1030, 1032:

> A spouse seeking final periodic support must "*affirmatively prove*" she is free from causing the failure of the marriage. *Floyd v. Floyd*, 03-1126, p. 4 (La.App. 3 Cir. 12/10/03), 861 So.2d 837, 839; La.Civ.Code arts. 111, 112. To meet this burden, she must prove she did not commit misconduct that is an "independent, contributory or proximate cause of the failure of the marriage." *Terry v. Terry*, 06-1406, p. 5 (La.App. 3 Cir. 3/28/07), 954 So.2d 790, 794. Habitual intemperance or excesses and cruel treatment or outrages are examples of fault that can defeat a claim for final periodic support. *Floyd*, 861 So.2d 837.

In her brief to this court, Ms. Broussard asserts that Mr. Broussard was given an opportunity at the hearing before the trial court to present evidence that she was at fault for the failure of their marriage. From his failure to present any evidence, she argues we should find she was not at fault. The burden of proof in this case, however, is not on Mr. Broussard, it is on Ms. Broussard. Ms. Broussard presented no evidence to the trial court that she was free from fault. She failed to meet her burden of proof. Her claim must fail.

## CONCLUSION

The judgment of the trial court is reversed.  Costs of this appeal are assessed to Janice Broussard.

**REVERSED AND RENDERED.**